Norma Yesenia VALIENTE–
HERRERA, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–71516.
Agency No. A70–779–016.

United States Court of Appeals,
Ninth Circuit.

Submitted July 30, 2004.*

Decided Dec. 20, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Edgardo Quintanilla, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Immigration & Naturalization Service, San Francisco, CA, and Allen W. Hausman, Attorney, Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and BERZON, Circuit Judges.

## AMENDED MEMORANDUM**

Norma Yesenia Valiente–Herrera's husband was kidnaped from a bus stop near their home. No word of him or from him has ever been received. Soon afterward, his supposed kidnapers, believed to be guerillas, threatened Valiente–Herrera, then attempted to abduct her in the same manner. They also attempted to abduct her two-year-old son by trying to wrest him from her arms on a street near their home. The immigration judge (IJ) denied asylum, holding in part that Valiente–Herrera did not show past persecution or a well-founded fear of future persecution.[1] The Board of Immigration Appeals (BIA) summarily affirmed. We grant the petition for review and reverse.

The long history of anti-government guerrillas terrorizing innocent citizens in Guatemala on account of actual or imputed political opinion is well-established. *See, e.g., Garcia–Martinez v. Ashcroft,* 371 F.3d 1066, 1074–75 (9th Cir.2004) ("The human rights abuses that took place during Guatemala's decades-long civil war have been well-documented."); *Rios v. Ashcroft,* 287 F.3d 895, 898–901 (9th Cir. 2002) (holding that Guatemalan guerrillas abducted petitioner on account of imputed political opinion because of her relatives' military service); *Ruano v. Ashcroft,* 301 F.3d 1155, 1158 (9th Cir.2002) (stating that petitioner testified about many people who were kidnaped and killed by guerillas for their membership in a political organization); *Chanchavac v. INS,* 207 F.3d 584, 590 (9th Cir.2000) (citing "extensive evidence of political and social turmoil in Guatemala" caused both by guerrillas and the military); *Cordon–Garcia v. INS,* 204 F.3d 985, 991–92 (9th Cir.2000) (detailing abduction and threats from guerrillas on account of political opinion imputed solely on the basis that petitioner was a teacher).

Valiente–Herrera credibly testified that she believes it was the guerrillas who kidnaped her husband and threatened her with abduction. Although she could not provide direct evidence that the abductions were on account of political opinion, there is no evidence that the guerrillas attacked Valiente–Herrera and her family for any other reason. "[W]e 'ha[ve] held persecution to be on account of political opinion where there appears to be no other logical reason for the persecution at issue.'" *Rios v. Ashcroft,* 287 F.3d 895, 900 (9th Cir.2002) (holding there was sufficient evidence of persecution on account of imputed political opinion where guerillas abducted petitioner because her husband and broth-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The IJ also denied withholding of removal. Valiente–Herrera does not challenge that ruling on appeal.

er were members of the Guatemalan army) (quoting *Navas v. INS*, 217 F.3d 646, 657 (9th Cir.2000)).

 In addition, Valiente–Herrera clearly experienced past persecution when guerrillas kidnaped her husband, threatened and attempted to abduct her, and tried to take her two-year-old son right out of her arms. *See Khup v. Ashcroft*, 2004 U.S.App. LEXIS 14656, *9–*10 (July 16, 2004) (holding that death and torture of petitioner's friend and associate and threat against petitioner were sufficient to constitute past persecution). Therefore, the IJ's determination that Valiente–Herrera did not show past persecution is not supported by substantial evidence.

Finally, the government was unable or unwilling to control the guerrillas. *See Singh v. INS*, 134 F.3d 962, 967 n. 9 (9th Cir.1998) ("Persecution need not be directly at the hands of the government; private individuals that the government is unable or unwilling to control can persecute someone."). Valiente–Herrera requested but received no assistance from the police when her husband disappeared.

 The foregoing analysis entitles Valiente–Herrera to a presumption of a well-founded fear of persecution. *See Korablina v. INS*, 158 F.3d 1038, 1043 (9th Cir. 1998); 8 C.F.R. § 208.13(b)(1). The INS made no arguments and introduced no evidence to the IJ or to the BIA concerning grounds that might rebut this presumption. "In these circumstances, to provide the INS with another opportunity to present [such] evidence ..., when it twice had the chance, but failed to do so, would be exceptionally unfair." *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 n. 11 (9th Cir. 2004) (citing *INS v. Ventura*, 537 U.S. 12,

123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam)). We hold that Valiente–Herrera is eligible for asylum and remand for the Attorney General to exercise his discretion. *See Hoque v. Ashcroft*, 367 F.3d 1190, 1193 (9th Cir.2004).

**PETITION GRANTED.**